**In re FIRST COAST MARINE, INC., Debtor.**

No. 3:06–BK–00025–JAF.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 27, 2006.

Lansing J. Roy, Bankruptcy Law Firm of Lansing J. Roy, Jacksonville, FL, for Debtor.

## *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon the Trustee's motion for a determination that the personal property identified on Debtor's Schedules B and D filed with the Bankruptcy Court is of consequential value or benefit to the bankruptcy estate. A hearing having been held on March 8, 2006, the Court makes the following findings of fact and conclusions of law.

### *FINDINGS OF FACT*

1. Debtor filed its Chapter 7 bankruptcy petition on January 4, 2006.

2. Debtor, a corporation, filed with the Bankruptcy Court Schedules B and D, which identified personal property of the bankruptcy estate which secured in whole, or in part, claims against Debtor.

3. On February 3, 2006, the Trustee filed a motion for determination that the personal property identified on Debtor's Schedules B and D is of consequential value or benefit to the estate.

### *CONCLUSIONS OF LAW*

Section 362(h)(1) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "2005 Act") states:

> In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the

debtor fails within the applicable time set by section 521(a)(2)–

(A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

(B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

11 U.S.C. § 362(h)(1), (A) and (B). Section 362(h)(2) states:

Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court

does not so determine, the stay provided by the subsection (a) shall terminate upon the conclusion of the hearing on the motion.

11 U.S.C. § 362(h)(2).

The 2005 Act does not define "individual." The word "individual" also appears in § 362(k)(1) of the 2005 Act, which states:

Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1).

Section 362(h) of the Bankruptcy Code of 1978, as amended, was redesignated as § 362(k)(1) by the 2005 Act. The case law interpreting § 362(h) holds that because the statute refers only to individuals, a corporate debtor is not entitled to damages under § 362(h). *Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.)*, 346 F.3d 1 (1st Cir.2003); *Sosne v. Reinert & Duree, P.C. (In re Just Brakes Corporate Sys., Inc.)*, 108 F.3d 881, 884–85 (8th Cir.1997); *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1549–53 (11th Cir.1996); *Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618–20 (9th Cir.1993); *Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.)*, 920 F.2d 183, 184–87 (2d Cir.1990).

Because § 362(h)(1) of the 2005 Act refers only to individuals, it does not apply to a Chapter 7 case filed by a corporate debtor.[1]  Therefore, it does not terminate

---

1.  According to § 521(2)(A) of the 2005 Act, a Chapter 7 debtor must state his intention to surrender, redeem or reaffirm property. The Court notes that corporate debtors cannot obtain a discharge pursuant to § 727(a)(1) of the 2005 Act. By filing a Chapter 7 petition, the corporate debtor is admitting the "death" of the corporation.  As a result, it cannot redeem or reaffirm property.  Thus, it would be impractical for § 362(h)(1) of the 2005 Act to apply to the corporate debtor, because its only recourse would be to surrender the property.  For this reason and the foregoing rationale, the Court finds that a determination that

the automatic stay in a corporate case with respect to personal property of the estate securing in whole or in part a claim. As a result, the Court will enter a separate order denying the Trustee's motion on the basis that it is not necessary because § 362(h)(1) does not apply to a corporate debtor.

### ORDER DENYING TRUSTEE'S MOTION FOR DETERMINATION THAT PERSONAL PROPERTY IS OF CONSEQUENTIAL VALUE OR BENEFIT TO THE ESTATE

This case is before the Court upon the Trustee's motion for a determination that personal property of the bankruptcy estate securing in whole or in part a claim is of consequential value or benefit to the estate. Based upon findings of fact and conclusions of law separately entered, it is

ORDERED:

The motion is denied on the basis that it is not necessary because 11 U.S.C. § 362(h)(1) applies only to cases filed by individual debtors and not corporate debtors.

personal property of the bankruptcy estate is of consequential value or benefit to the estate

is not necessary for the corporate debtor.